FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 0 4 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COVENTRY FIRST LLC,                 *

        Plaintiff,                  *

                                    *

        v.                          *         CIVIL ACTION NO.
                                    *         1:05-CV-2936-JEC

21st SERVICES,                      *

        Defendant.                  *

**ORDER**

This case is before the Court for consideration of 21st Services' Motion to Compel Compliance with Rule 45 Subpoena. This Rule 45 subpoena was directed to a group of related corporate entities that will be referred to, collectively, as American Viatical Services, LLC ("AVS"). AVS has objected to the subpoena at issue and refused to comply. Both parties have filed legal memoranda on that matter, with the final pleading, movant 21st Services's Reply Brief, having been docketed on November 29, 2005. After reviewing the record, the Court enters the following Order.

21st Services is the defendant and counterclaim plaintiff in an action that was filed by Coventry First LLC ("Coventry") [1] in the United States District Court for the Eastern District of Pennsylvania. (*Coventry First LLC v. 21st Services*, Civ. Action No.

04-CV-05239-PBT). In that action, Coventry seeks monetary and injunctive relief against Defendant 21st Services based on 21st Services' allegedly improper underwriting practices related to the life settlement industry. 21st Services has counterclaimed against Coventry alleging various unfair business practices constituting defamation and anti-trust violations. Specifically, in support of its claim of fraud and neglect by 21st Services, Conventry's Complaint asserts that 21st Services did not apply the same industry standards in its calculation of life expectancies, as did two of 21st Services' competitors: AVS, the respondent here, and Fasano & Associates. Coventry alleges that 21st Services failed to live up to an industry standard, which standard was allegedly met by respondent AVS. 21st Services' counterclaim alleges, in part, that respondent AVS and Coventry have engaged in a conspiracy to improperly influence underwriting in order to obtain a monopoly for AVS and Coventry.

AVS resists compliance with the present subpoena, arguing that 21st Services has not demonstrated a substantial need for the subpoenaed information; that 21st Services is requesting information that AVS is obligated, by law, to keep confidential; and that 21st Services has not provided assurances that AVS will be reasonably compensated for the production of the requested information.

AVS first objects that 21st Services has failed to show a substantial need for the material. 21st Services has responded that

2

it has shown such a need, although 21st Services posits that the Court should apply a balancing test that assesses both the need of 21st Services for the material and whether AVS has shown any undue burden to it from the need to comply.  Assuming that 21st Services must show a substantial need for the material, regardless of whether there is any burden to AVS in having to comply, the Court concludes that 21st Services has shown such a need.  The plaintiff/counterclaim defendant in this action, Coventry, has alleged that 21st Services has violated industry standards, which standards Coventry alleges are complied with by AVS.  To determine what those standards are, it is necessary for 21st Services to identify those standards by examining the practices of the entity that Coventry asserts is one of the standard setters in the industry.  Clearly, 21st Services has a substantial need to analyze the methodology and standards of the corporate entity to which Coventry is negatively comparing it.

With regard to any burden to AVS, AVS argues that disclosing its private methodology and practices is inherently burdensome.  The Court agrees that the disclosure of such information in necessarily burdensome, but disagrees that disclosure, under the present circumstances, would constitute a substantial or undue hardship.  *See Klay v. All Defendants*, 425 F.3d 977 (11th Cir. 2005); FED. R. CIV. P. 45(c)(3)(B)(i).

Instructive on this point is an Order issued on October 4, 2005

3

by this Court's colleague, the Honorable Richard W. Story, which
Order enforced an earlier subpoena in this action directed by
plaintiff Coventry to nonparty Habersham Funding, LLC. *See Coventry
First LLC v. 21st Services,* 1:05-CV-2320-RWS.   In the matter before
Judge Story, Coventry had contended that the information sought in
the subpoena directed to Habersham was critical because Coventry
could not prove its damages without the information.   Habersham
objected to disclosure, in part, because, as a competitor of Coventry
in the life settlement business, its disclosure of the requested
information to Coventry would enable the latter to determine how
Habersham generates the bids it submits for policies.   In ordering
that Habersham comply with the subpoena, however, Judge Story noted
that

> subsequent to the filing of the motions presently before
> the Court, Coventry and 21st Services agreed to a
> Confidentiality Order in their pending litigation.   Under
> the terms of this order, a non-party, such as Habersham,
> producing documents pursuant to a subpoena may designate as
> "highly confidential" any of the "proprietary and trade
> secret information" that it produces.   This "highly
> confidential" designation limits access to these materials
> to attorneys, experts, and court personnel, and
> specifically bars any employee of Coventry from having
> access to this information.   Thus, any competitive
> disadvantage to Habersham is avoided.

*Id.* at 3.   Likewise, this Court concludes that the Confidentiality
Order in place in the underlying litigation should also appropriately
protect AVS against its concerns about disclosure of proprietary

4

AO 72A
(Rev.8/82)

information.

AVS also contends that the Protective Order in place does not meet the privacy requirements imposed by federal law as a prerequisite to disclosure of the information requested. Specifically, AVS cites the presumably applicable regulation which provides that a protective order may allow for the disclosure of otherwise non-disclosable health information only if the order meets two requirements:

> (a) The Order must prohibit "the parties from using or disclosing the information for any purpose other than the litigation or proceeding for which such information is requested;" **and**
>
> (b) The order must require "the return to the covered entity or destruction of the protected health information (including **all** copies made) at the end of the litigation or proceeding."

45 C.F.R. § 164.512(e)(1)(v) (emphasis supplied).

AVS argues that the Protective Order in place is defective because it does not call for the destruction of all "exhibits of record," covered by the regulation, at the conclusion of the case. 21st Services responds that AVS's contention "borders on the frivolous" because AVS cites no authority. (*See* Def.'s Reply [4] at 11.) Yet, AVS does cite authority--a federal regulation--which, by its terms, requires that the information be destroyed at the close of

5

the case.[1]  Therefore, it would appear prudent for this Court, at this juncture,  to incorporate the words of the regulation into this Order.  Accordingly, as the Court will be enforcing the subpoena by 21st Services directed to AVS, *see infra,* the Court directs that any health information that would be covered by 45 C.F.R. § 164.512(e)(1)(v) be destroyed at the end of the litigation.  The Court is amenable to revisiting this part of its Order, if requested, at the end of the litigation pending in the Eastern District of Pennsylvania or prior to that time, if necessary.

Finally, with regard to AVS's expressed concern that 21st Services will not comply with its duties to compensate AVS for expenses incurred in producing the requested material, both parties to this motion agree that 21st Services will be required to compensate AVS for reasonable costs of compliance.  The potential disagreement between the two parties concerns the method by which AVS will identify the requested information and disclose it.  21st Services has expressed concern that, given AVS's previous statements, the latter will make "the production inordinately expensive just for

---

[1]  Actually, the regulation requires that the Order require the return of the protected health information to the covered entity **or** its destruction at the end of the litigation.  Accordingly, it is possible that the regulation could be complied with, linguistically, by merely returning the information to AVS.  Nevertheless, as the briefing on this issue has been quite sparse by both parties to this motion, the Court will assume, for now, that the information must ultimately be destroyed at the conclusion of the litigation.

the sake of harming its competitor, 21st Services." There is too little information in the briefings for the Court to determine which method of uncovering the requested information is most cost-effective. This Court's Order merely directs AVS to fully respond to 21st Services' subpoena. Should AVS choose a method of compliance that is unnecessarily expensive, AVS will obviously not be compensated for expenses that are not reasonable.

### CONCLUSION

Based on the foregoing, the Court concludes that 21st Services is entitled to the discovery sought in its discovery requests. Therefore, 21st Services' Motion to Compel Production of Documents Pursuant to Modified Subpoena [1] is hereby **GRANTED**. AVS shall produce the documents required by the modified subpoena **within ten (10) days** of the entry of this Order.

SO ORDERED, this 4th day of January, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)